UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD CLUB-SF, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PLATINUM SJ ENTERPRISE et al.,<br><br>　　　　Defendants. | Case No. 13-cv-03797-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AND MOTION TO DISMISS**<br><br>Re: Dkt. No. 67 |

Defendant PML Clubs, Inc. ("PML"), moves to strike Counts I, II, and III of plaintiff Gold Club-SF, LLC's ("plaintiff") Counterclaim against PML, Dkt. No. 60. PML also moves to dismiss Count IV of the Counterclaim and to strike the Twentieth and Twenty-First Affirmative Defenses from the plaintiff's Answer, Dkt. No. 60.

For the reasons below, the motion to strike Counts I, II, and III of the plaintiff's Counterclaim is DENIED. The motion to strike the Twentieth and Twenty-First Affirmative Defenses from the plaintiff's Answer is GRANTED WITH LEAVE TO AMEND. The motion to dismiss Count IV of the Counterclaim for civil conspiracy is DENIED.

**BACKGROUND**

The Court incorporates the Background and Procedural History from its Order Denying Motion for a Preliminary Injunction, Dkt. No. 57.

On August 15, 2013, the plaintiff filed its Complaint against defendant Platinum SJ Enterprise ("Platinum SJ"). Dkt. No. 1. On August 31, 2013, Platinum SJ filed an Answer and Counterclaim in response to the Complaint. Dkt. No. 24. On September 26, 2013, the plaintiff filed an Answer in response to Platinum SJ's Answer and Counterclaim. Dkt. No. 59.

On September 4, 2013, the Court granted leave for PML to intervene as a defendant in this

1    case. Dkt. No. 31. On September 4, 2013, PML filed its Answer and Counterclaim in response to
2    the Complaint. Dkt. No. 37. On September 30, 2013, the plaintiff filed an Answer and
3    Counterclaim in response to PML's Answer and Counterclaim. Dkt. No. 60.
4        On October 23, 2013, PML filed this motion, to which the plaintiff filed an Opposition
5    brief, and PML filed a reply. Dkt. Nos. 67, 68 & 70.

## LEGAL STANDARD

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), drawing all "reasonable inferences" from those facts in the nonmoving party's favor, *Knievel v. ESPN*, 393 F.3d 1068, 1080 (9th Cir. 2005). A complaint may be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "a complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement," *id.* (quotation marks and brackets omitted), and the court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw

unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Ayat v. Societe Air France*, No. 06-cv-01574, 2007 WL 1840923, at *1 (N.D. Cal. June 27, 2007) (citations omitted).

## DISCUSSION

**I.  MOTION TO STRIKE**

**A.  Plaintiff's Counterclaims I, II, and III**

PML's motion to strike plaintiff's counterclaims I, II and III borders on the spurious. A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." FED. R. CIV. P. 12(a)(1)(A).  The Ninth Circuit applies "the logical relationship test for compulsory counterclaims." *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013) (citation omitted).  "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Id.* "Counterclaims-in-reply are permitted only if they are compulsory." *Mattel*, 705 F.3d at 1110; *Conceptus, Inc. v. Hologic, Inc.*, No. 09-cv-2280-WHA, 2010 WL 1460162 (N.D. Cal. Apr. 12, 2010) ("[T]he Ninth Circuit permits counterclaims in reply to an opposing party's counterclaims if they are compulsory in nature.").

The counterclaims the plaintiff asserted are compulsory because they arise out of the same transaction and occurrence as that alleged in the Complaint.  In the plaintiff's Complaint, the plaintiff accuses Platinum SJ of infringing and diluting trademarks that the plaintiff claims it owns in the San Francisco Bay Area.  With PML's intervention as a defendant in this case, and Platinum SJ's claim that it has a license from PML to operate under the "Gold Club" marks, the plaintiff also asserts that PML is facilitating Platinum SJ's infringement or is directly infringing the trademarks itself.  The counterclaims are logically related to the initial claims in the Complaint since they all arise from the same operative core of facts—Platinum SJ's opening in San Jose—making the counterclaims compulsory.

PML argues that Counts I through III of the plaintiffs' Counterclaim are the same claims

as those in the Complaint, which PML already answered. Br. 6. The only difference is that the plaintiffs' counterclaims "plead additional facts specific to PML." Br. 7. PML argues that they do not arise from the same transaction or occurrence as the facts and claims in PML's counterclaims; rather, they are merely redundant of the Complaint. Quoting *Stickrath v. Globalstar, Inc.*, PML argues that a court may "dismiss counterclaims under Fed. Rule Civ. Pro. 12(f) where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." Br. 8 (citing *Stickrath v. Globalstar, Inc.*, No. 07-cv-1941-TEH, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-01846-LHK, 2011 WL 4948567, at *9 (N.D. Cal. Oct. 18, 2011)). "The court should focus on whether the counterclaims 'serve any useful purpose' and should dismiss or strike a redundant counterclaim only when 'it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim.'" *Stickrath*, 2008 WL 2050990, at *4 (N.D. Cal. May 13, 2008) (citations omitted).

*Stickrath* and *Apple*, as well as another case from this district upon which *Stickrath* relies, *Daily v. Fed. Ins. Co.*, No. 04-cv3791-PJH, 2005 WL 14734, at *6 (N.D. Cal. Jan. 3, 2005), are distinguishable. All those cases deal with counterclaims for declaratory judgments, and the rule they apply is limited to that context. *See, e.g.*, *Stickrath*, 2008 WL 2050990, at *4 (assessing whether it is "appropriate to strike declaratory judgment counterclaims simply because they concern the same subject matter or arise from the same transaction as the complaint"); *Daily*, 2005 WL 14734, at *6 (quoting for authority, "when [a] request for declaratory relief brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim, a party might challenge the counterclaim on the ground that it is redundant," and citing cases discussing declaratory judgments). PML provides no basis or authority for importing that rule here. Indeed, in a case not involving declaratory judgment, one judge in this district declined to strike six counterclaims and held that the "Defendants will not be prejudiced by the allegations of the First through Sixth counterclaims . . . because they are 'virtually identical to the six causes of action in the SAC' and do not introduce new areas for discovery." *Vieste, LLC v. Hill Redwood Dev.*, No. 09-cv-4024-JSW, 2011 WL 1302285, at *3 (N.D. Cal. Apr. 5, 2011) (brackets omitted).

4

The counterclaims-in-reply here are not identical, giving further reason to allow them to remain. PML concedes that the plaintiffs' counterclaims "plead additional facts specific to PML." Br. 7. The plaintiff correctly states that the counterclaims discuss PML's alleged license to Platinum SJ and focus more on PML's allegedly unlawful actions in issuing the license, whereas the Complaint focuses on Platinum SJ's opening of the San Jose club. Opp'n 3. PML is incorrect in asserting that there are "new allegations implicating Platinum SJ that Platinum SJ will not be able to respond to, because it is not a defendant named in the *Counterclaim-in-Reply*." Reply 4. Counterclaims I through III are specifically directed towards PML and there is no need for Platinum SJ to respond to them. And, as discussed above, the counterclaims are compulsory because they arise from the same transaction: the opening of Gold Club-San Jose. Opp'n 4.

PML's claims of prejudice, expense, and jury confusion are unfounded. Nor is the Court persuaded that this case will "spiral out of control." Reply 2. Amending the Complaint as opposed to simply moving forward would not substantially or materially add clarity to this case. The Court is confident that both the plaintiff and the defendants know what the relevant issues are, and does not find a "possibility that issues will be unnecessarily complicated . . . sufficient[ly] to support the granting of a motion to strike." *Ayat*, 2007 WL 1840923, at *1. Those issues as presented in the Complaint and the counterclaims all arise from the same transaction and occurrence, and striking the plaintiff's counterclaims (which, in any event, are compulsory and proper) and having the plaintiff amend the Complaint will not "secure the just, speedy, and inexpensive determination" of this case. FED. R. CIV. P. 1. PML's motion exemplifies why "[m]otions to strike are regarded with disfavor [-] because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Ayat*, 2007 WL 1840923, at *1. The motion to strike the plaintiff's Counterclaim I through III is DENIED.

**B. Affirmative Defenses**

PML argues that the plaintiff's Twentieth and Twenty-First Affirmative Defenses should be stricken because they sound in fraud but do not plead them with particularity as required by Federal Rule of Civil Procedure 9(b). Br. 4-5. Although striking an insufficient defense is uncommon in federal practice, and is of questionable utility given the availability of

5

interrogatories to obtain a more complete basis for the assertion of the defense, the Court agrees with PML.

"In all averments of fraud, including affirmative defenses, the circumstances constituting the fraud must be stated with particularity." *ADP Comm'l Leasing, Inc. v. M.G. Santos, Inc.*, No. 13-cv-587, 2013 WL 3863897, at *9 (E.D. Cal. July 24, 2013); *see also Solis v. Zenith Capital, LLC*, No. 08-cv-4854-PJH, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009) ("Unless the defense is one that falls under Rule 9, there is no requirement that a party plead an affirmative defense with particular specificity."). An assertion of fraud "must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). The Ninth Circuit "has held that the general rule that allegations of fraud based on information and belief do not satisfy Rule 9(b) may be relaxed with respect to matters within the opposing party's knowledge. In such situations, plaintiffs can not be expected to have personal knowledge of the relevant facts." *Id.*

PML argues that the plaintiff's Twentieth Affirmative Defense stating that PML "cannot obtain the relief it requests because it and/or one or more of its predecessors-in-interest has committed, engaged in and/or conspired to engage in fraud, whether before the fact, during the fact or after the fact" does not allege the who, what, where, when, and how of the fraud. Dkt. No. 60 at 12. It also fails to plead scienter. Similarly, PML argues that the plaintiff's Twenty-First Affirmative Defense is nothing more than a legal conclusion, does not state the "who, what, when, where and how" of the fraud alleged," and does not allege scienter. Br. 11.

The Twentieth and Twenty-First Affirmative Defenses each consists of a single sentence unsupported by any facts. The plaintiff is incorrect that its defenses are adequately pleaded if "read in conjunction with the remainder of the Answer and Counterclaim and the other pleadings." Opp'n 7. If the plaintiff seeks to incorporate portions of the Complaint, Answer, or Counterclaims, it must do so with particularity. The motion to strike the plaintiff's Twentieth and Twenty-First Affirmative Defenses is GRANTED WITH LEAVE TO AMEND.

**II.     MOTION TO DISMISS PLAINTIFF'S COUNTERCLAIM IV**

PML argues that the plaintiff fails to adequately state a claim for "civil conspiracy." "To

state a cause of action for civil conspiracy, facts must be alleged which show the formation and operation of a conspiracy, the wrongful act of any of the conspirators thereto and damage resulting therefrom." *117 Sales Corp. v. Olsen*, 80 Cal. App. 3d 645, 649 (Ct. App. 1978); *see also Doctors' Co. v. Super. Ct. of Los Angeles Cnty.*, 49 Cal. 3d 39, 44 (1989) ("The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design.").

The plaintiff adequately states a claim for civil conspiracy. The plaintiff alleges the formation and operation of a conspiracy through PML's licensing of the "Gold Club" name to Platinum SJ without the right to do so, and Platinum SJ's opening of the Gold Club-San Jose based on the alleged license. *See, e.g.*, Dkt. No. 60, Counterclaim ¶¶ 15-17, 51. The wrongful acts include trademark infringement and dilution. The plaintiff alleges that those wrongful acts damaged it. *See, e.g.*, Dkt. No. 60, Counterclaim ¶ 27. These are sufficient to survive a motion to dismiss.

PML argues that incorporation-by-reference is insufficient to meet pleading requirements. Reply 4. While that may sometimes be the case, it is not the case here. There are only 22 paragraphs of factual allegations, nine of which reference PML. Dkt. No. 60, Counterclaim ¶¶ 15-17, 21-24, 26-27. Unlike the plaintiff in *Rashdan v. Geissberger*, No. 10-cv-634-SBA, 2011 WL 197957, at *10 (N.D. Cal. Jan. 14, 2011), a case cited by PML, the plaintiff here is not incorporating by reference 188 paragraphs. It is not credible that PML cannot determine what the allegations against it are, nor has PML actually argued so. In addition, the case cited by PML does not support it. *Meyer v. City of Clearlake,* No. 08-cv-4372-MEJ, 2009 WL 799396, at *3 (N.D. Cal. March 24, 2009), and the cases it cites hold that a claim of conspiracy must plead "which defendants conspired, how they conspired and how the conspiracy led to [harm]." As explained above, the plaintiff adequately pleads such facts.

## CONCLUSION

The motion to strike Counts I, II, and III of the plaintiff's Counterclaim is DENIED. The motion to strike the Twentieth and Twenty-First Affirmative Defenses from the plaintiff's Answer

1  is GRANTED WITH LEAVE TO AMEND.[1]  The motion to dismiss Count IV of the

2  Counterclaim for civil conspiracy is DENIED.  The plaintiff shall file any amended answer within

3  20 days of the date of this Order.

**IT IS SO ORDERED.**

Dated:  December 3, 2013



WILLIAM H. ORRICK
United States District Judge

---

[1] PML argues at length that the plaintiff should not be granted leave to amend its pleading because it has not requested leave to amend through a separate motion.  Reply 6-8.  The plaintiff need not do so because the Court GRANTS leave to amend on its own initiative as it usually does when ruling on motions to dismiss.

8